FILED
9:59 am Aug 31 2023
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KARLOS BOBO,** | ) | CASE NO. 4:23 CV 1173 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **WARDEN BRACY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Pro se* plaintiff brings this civil rights action against Trumbull Correctional Institution's ("TCI") Warden Bracy, M. Spatny, Officer Morgan, and Toledo Correctional Institution's ("TOCI") Warden K. Henderson (Doc. No. 1). Plaintiff alleges that his property was taken when he was placed in isolation following an altercation. On Plaintiff's civil cover sheet, he asserts that he was denied access to the courts "by confiscation of legal work." (Doc. No. 3). He seeks monetary relief.

For the reasons that follow, Plaintiff's Complaint is dismissed.

### I. Background

Plaintiff states that he was involved in an altercation with another inmate (a purported gang member) while incarcerated at TCI on January 17, 2022, after which, he was placed in isolation. According to the complaint, Officer Morgan advised Plaintiff not to worry about his

personal property and that the housing officers would "take care of it." Plaintiff did not receive a property slip or receipt for his property. (Doc. No. 1 at 4). Plaintiff claims that his property "was intentionally destroyed because the housing officers let the gang members into the housing unit." (*Id.* at 5). Plaintiff states that all of his personal property, including gym shoes, compact discs, and legal paperwork, "is missing." (*Id.* at 7, Doc. No. 1-1).

Plaintiff states that he was transferred to TOCI five months after the altercation, where he was provided state-issue shoes and clothing. Plaintiff filed a grievance, which was granted as to the items that did not transfer. Plaintiff claims that he was offered $100 for the compact discs but refused. Plaintiff now seeks compensatory relief in the amount of $3,000.

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 U.S. App. LEXIS 1494 , at *5 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Plaintiff filed this civil rights action against Defendants in their official capacities. (*See* Doc. No. 1 at 2-3). As an initial matter, the Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). *See also Grinter*, 532 F.3d at 572. As Bracy, Spatny, Morgan, and Henderson are employed by the Ohio Department of Rehabilitation and Correction, and thus state employees, Plaintiff's official capacity claims against these defendants are construed as claims against the State of Ohio. *See Peace v. Mohr*,

N.D. Ohio No. 4:12CV2283, 2013 U.S. Dist. LEXIS 190092, at *12 (Apr. 29, 2013).

The Eleventh Amendment bars suits brought in federal court against a State and its agencies unless the State has waived its sovereign immunity or consented to be sued in federal court. *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The State of Ohio has not waived its sovereign immunity in federal court. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Furthermore, it is well established that the federal statute invoked in this case, 42 U.S.C. § 1983, does not abrogate the Eleventh Amendment. *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Plaintiff's official capacity claims against Defendants are therefore unavailing. Moreover, the Supreme Court has held that neither a State nor its officials acting in their official capacities are "persons" under Section 1983. *See Will*, 491 U.S. at 71. Accordingly, Plaintiff fails to state a claim against Defendants upon which relief may be granted.

Even if Plaintiff had sued the defendants in their individual capacities, he fails to state a claim. Liberally construing the complaint, Plaintiff appears to claim that Defendants deprived him of his personal property without due process. The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.

To state a claim, Plaintiff must plead and prove either that he was deprived of his property as a result of an established State procedure that itself violates due process rights; or that the defendants deprived him of his property pursuant to a random and unauthorized act and available State remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*,

951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established State procedure, statute, or local ordinance. Rather, he is asserting he was deprived of his property due to unauthorized acts of the defendants.

To state a procedural due process claim based upon alleged unauthorized acts of the defendants, Plaintiff must also plead and prove that State remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. A remedy is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). He has not claimed the State remedy was inadequate. Plaintiff therefore has not stated a claim for denial of procedural due process for the deprivation of his property.

To the extent Plaintiff alleges he was denied access to the courts, this claim also fails. Plaintiff simply alleges in his civil cover sheet that he was denied access to the courts because his legal work was confiscated.  Plaintiff's complaint, however, is completely devoid of factual allegations discernibly suggesting that, or how, each defendant was personally involved in or responsible for the alleged rights violations. The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . . ").

Therefore, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Moreover, supervisory officials and employees cannot be held liable under Section 1983 solely on the basis of respondeat superior, or on the basis that they failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

## IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint (Doc. No. 1) is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**